IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY MICHAEL PELOZA,

        Plaintiff,

v.                                                                       Case No. 18-1004-JWB

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

        Defendant.

**MEMORANDUM AND ORDER**

The matter is before the court on Defendant's Motion for Summary Judgment and brief in support. (Doc. 22, 23.) Plaintiff has not responded to the motion, and his time for doing so has now expired. For the reasons set forth below, Defendant's motion is GRANTED.

**I. Facts**

Plaintiff filed this action *pro se* in the District Court of Sedgwick County, Kansas, seeking an order quieting title to certain real property and declaring that Defendant has no right or interest in the property. (Doc. 1-1 at 4.) Defendant removed the action based on the parties' diverse citizenship. (Doc. 1 at 1.) Defendant then answered and counterclaimed, (Doc. 5), and has now moved for summary judgment on all claims.

Plaintiff failed to respond to the statement of facts in Defendant's motion for summary judgment. Pursuant to D. Kan. R. 56.1(a), all of the properly supported material facts in Defendant's statement are accordingly deemed admitted for purposes of summary judgment. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (court in these circumstances should "accept as true all material facts asserted and properly supported in the summary judgment motion.")

The subject of this case is a residence bearing a legal description of Lot 9, Block B, Deerfield Estates 2nd Addition, Valley Center, Sedgwick County, Kansas, and a common address of 620 West 5th Street, Valley Center, Kansas 67147 (the "Subject Property").

On or about June 6, 2008, ownership of the Subject Property was conveyed to Pedro Garza Vega, Jr., Danielle L. Vega, and Lynda D. Alfrey (collectively, the "Prior Owners") pursuant to a Kansas Warranty Deed recorded on June 11, 2008, in the land records of the Subject Property maintained by the Sedgwick County, Kansas, Register of Deeds. (Doc. 23-6.)

On June 11, 2008, a mortgage executed by the Prior Owners was recorded in the land records of the Subject Property. The mortgage conveyed a first-priority lien and security interest in the Subject Property to and in favor of the beneficiary/grantee of the mortgage (Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loans and its successors and assigns) to ensure the repayment of debt taken out by the Prior Owners of $132,949.00, to be repaid with interest. JP Morgan Chase Bank, N.A. ("Chase") was the grantee referenced in an assignment of the mortgage to Chase executed by Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loans and its successors and assigns (the lender identified by name in the mortgage). The assignment was recorded in the land records of the Subject Property. (Doc. 23-7.)

On or about May 30, 2012, Chase filed a mortgage foreclosure action in Sedgwick County, Kansas, against the Prior Owners to enforce the mortgage after the Prior Owners defaulted in repaying the debt secured by the mortgage. The foreclosure was administered as Case No. 12CV1877 and styled as JPMorgan Chase Bank, N.A. v. Pedro Garza Vega, Jr., et al. (the "Foreclosure Proceeding"). The Petition in the Foreclosure Proceeding indicated that it was filed under Chapter 60 of the Kansas statutes and that "title to real estate" was involved in the litigation.

The Petition in the Foreclosure Proceeding attached the mortgage as an exhibit and set forth in the factual allegations the legal and common address of the Subject Property. The docket in the Foreclosure Proceeding indicates that the Prior Owners were personally served with the Foreclosure Petition. The summons and service papers indicate that service of the Foreclosure Petition was had on the Prior Owners within 90 days of the filing date of the Foreclosure Proceeding. The Foreclosure Proceeding was filed on May 30, 2012, and returns of service were filed in the Foreclosure Proceeding on June 7, 2012. (Docs. 23-7, -8, -9.)

In the Complaint herein (Doc. 1-1) and in a 2017 "Notice of Lis Pendence [sic]" (Doc. 6), Plaintiff Gary Michael Peloza alleges that he obtained an interest in the Subject Property via a Quitclaim Deed recorded on October 23, 2012 in the land records for the Subject Property. The referenced Quitclaim Deed is dated October 8, 2012 ("2012 Quitclaim Deed") and indicates that "for lawful money of exchange in the sum of Twenty-one (21) United States Silver Dollars paid ...," Peloza obtained all interest in the Subject Property held by the Prior Owners. (Doc. 23-4.) The Foreclosure Proceeding had been pending for several months before the 2012 Quit Claim Deed to Peloza was recorded in the land records of the Subject Property.

On or about January 17, 2013, the court administering the Foreclosure Proceeding entered a Journal Entry of Judgment of Foreclosure ("Foreclosure Judgment") in favor of Chase, granting Chase's request for a foreclosure. The Foreclosure Judgment authorized the sheriff to conduct a foreclosure sale in execution of the judgment. The Foreclosure Judgment provided that any ownership interest in the Subject Property by the Prior Owners was extinguished. (Docs. 23-8, -9, -14.)

The Sedgwick County Sheriff issued a Certificate of Purchase to Chase (Doc. 5-8) documenting that Chase was the successful bidder for the Subject Property at the foreclosure sale

conducted by the Sheriff on April 3, 2013. The Foreclosure Judgment was never effectively appealed, as demonstrated by the court docket in the Foreclosure Proceeding. An appeal was dismissed by the Sedgwick County District Court on or about December 10, 2013. (Doc. 23-9.)

K.S.A. 60-2414 sets forth a process of redemption following a foreclosure sale in Kansas, a process that involves certain action by the entity redeeming a property. K.S.A. 60-2414(f) provides:

> Mode of redemption. The party redeeming shall pay the money into the office of the clerk of the district court for the use of the persons entitled to it. The clerk shall give a receipt for the money, stating the purpose for which it is paid. The clerk shall also enter the transaction on the appearance docket of the case, showing the amount paid. A redeeming creditor, or agent of the creditor, shall also file an affidavit stating as nearly as practicable the amount still unpaid due on the claim of that creditor and any lesser amount the creditor is willing to credit on the claim in accordance with subsection (e). The creditor's claim, or such lesser amount as the creditor is willing to credit on the claim in accordance with subsection (e), shall be added to the redemption amount to be paid by the defendant owner or such owner's successors and assigns.

The Foreclosure Judgment set a 3-month redemption period. (Doc. 5-9 at 4.) The three-month redemption period expired on or about July 3, 2013.

The court docket in the Foreclosure Proceeding contains no indication that a receipt was issued by the Sedgwick County Clerk of Court in response to a submission of redemption funds, does not describe an amount related to a redemption transaction in the Foreclosure Proceeding, and contains no indication that an affidavit by Chase or any other entity was submitted to the Sedgwick County clerk of court indicating the amount still unpaid due on a claim or any lesser amount Chase was willing to credit on the claim. (Doc. 23-9.)

The court docket in the Foreclosure Proceeding indicates the filing of several documents by the Prior Owners. One was entitled "Notice of Tender." It was dated July 18, 2013, and was

filed with the court on July 19, 2013. A second document was entitled "Notice of Tender for Full Settlement and Discharge & Release of all Property/Collateral/Liens," dated September 20, 2013, and was filed with the court on September 20, 2013. A third document was a "Notice of Service," dated September 20, 2013 and filed on September 20, 2013. (Doc. 23-9; Docs. 23-11, -12, -13.)

On or about April 12, 2013 (several months after the Foreclosure Judgment was entered and after the Sheriff's Sale), a filing was made in the land records for the Subject Property in the nature of a UCC Financing Statement ("UCC Statement 1") purporting to express a lien, claim, or interest in the Property in favor of or concerning Peloza. (Doc. 23-14 at 15.) On or about September 22, 2014, a filing was made with the Sedgwick County, Kansas Register of Deeds in the land records for the Subject Property of a document described as a UCC Financing Statement ("UCC Statement"). The UCC Statement referenced Plaintiff or the Prior Owners and indicated it was a challenge to Chase, with Chase being referred to as a "debtor." (Doc. 23-14 at 18.) An order entitled Judicial Findings of Fact and Conclusions of Law adopted by the Sedgwick County District Court on August 28, 2017, in cause 2017-CV-001976-OT, declared the above-described UCC Statement and UCC Statement 1 to be nullified and set aside. (Doc. 23-15.)

On or about February 17, 2017, the Sheriff of Sedgwick County, Kansas issued a Sheriff's Deed to Chase, indicating that ownership and title to the Subject Property was conveyed to Chase as a result of the Foreclosure Sale. The Sheriff's Deed was recorded in the land records of the Subject Property. (Doc. 23-5.)

On or about March 15, 2017, Chase deeded its interest in the Subject Property to the Secretary of Housing and Urban Development ("HUD"). The Special Warranty Deed was recorded on December 28, 2017 in the land records for the Subject Property. On or about April 2, 2018,

HUD deeded its interest in the Subject Property to Chase. The Quitclaim Deed was recorded on April 12, 2018 in the land records for the Subject Property. (Docs. 23-17, -18.)

On or about November 13, 2017, Plaintiff filed a "Notice of Lis Pendence [sic]" in the land records of the Subject Property. Plaintiff filed a similar notice in the instant case. (Doc. 6.) Both documents assert that Plaintiff is present record owner of the Subject Property or has some claim of ownership of the Subject Property.

**II. Discussion**

Plaintiff alleges that he holds title to the subject property by virtue of a quit claim deed executed on October 8, 2012, and recorded with the Sedgwick County Register of Deeds on October 23, 2012. (Doc. 1-1 at 5.) But prior to that date, on May 30, 2012, Chase initiated a foreclosure action under Chapter 60 of the Kansas Statutes as to the Subject Property. That action was pending when Plaintiff's alleged deed was executed and recorded, such that the foreclosure action "charge[d] third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's [Chase's] claim…." K.S.A. § 60-2201(a). Chase served summons within 90 days of filing the petition, making the notice effective under the statute. *Id.* Thus, under K.S.A. § 60-2201(a), the October 8, 2012, deed relied upon by Plaintiff granted him no interest in the subject property that could impair Chase's claim in foreclosure.

Plaintiff also apparently contends he has an interest in the Subject Property under Kansas redemption laws. He alleges that on July 18, 2013, he "issued a Tender for the debt owed within the redemption period for full settlement and closure of the judgment debt against the previous owners," and a certified copy of the "Notice of Tender" was filed with the Register of Deeds on September 22, 2014. (Doc. 1-1 at 2.) Plaintiff's contention that the "Notice of Tender" documents

gave him an interest in the Subject Property is contrary to Kansas law. It is uncontroverted that the three-month redemption period expired on or about July 3, 2013. The filings cited by Plaintiff in his complaint came after the end of the redemption period and were thus untimely. Moreover, there is no evidence that the Prior Owners or Plaintiff paid any money into court for the use of Chase, nor was any receipt issued by the clerk evidencing the same. The "Notice of Tender" documents relied on by Plaintiff as evidence of a redemption refer to unexplained "Private Commercial Instrument[s]," but provide no proof that any money was actually paid into court. (*See* Docs. 23-11, -12, -13.) Finally, the "Notice of Tender" documents were apparently filed by and on behalf of the Prior Owners, not by Plaintiff. They do not even purport to give Plaintiff an interest in the Subject Property. For all these reasons, Plaintiff's allegation that he obtained an interest by redeeming the Subject Property is untenable. The uncontroverted facts on summary judgment show no redemption of the Subject Property within the meaning of K.S.A. § 60-2414.

Plaintiff may additionally contend he obtained an interest in the Subject Property, or that Chase's interest was somehow defeated, by his filing of one or more UCC Financing Statements with the Sedgwick County Register of Deeds. (Doc. 1-1 at 2; Doc. 23-14 at 15-19.) The uncontroverted facts show that the state district court issued an order in Case 2017-CV-001976-OT finding those documents were not provided for by state or federal law, they were not created by an interest holder in the Subject Property, they did not create a valid lien under state or federal law, and as a result they were set aside and nullified. (Doc. 23-15 at 2-3.) The doctrine of res judicata likely bars any attempt to re-litigate the validity of these UCC Statements, but even if it does not, the UCC provisions on which Plaintiff relies apply to security interests in personal property, not to the creation of a lien on real property. *See* K.S.A. § 84-9-109. The UCC Financing Statements do not show that Plaintiff has any interest in the Subject Property.

The uncontroverted facts show that Chase held a mortgage and first-priority lien on the Subject Property, which was duly recorded on June 11, 2008. It shows that Chase filed a mortgage foreclosure action on May 30, 2012, and it received a judgment of foreclosure against the Prior Owners. That judgment authorized a sheriff's sale of the Subject Property and extinguished any ownership interest of the Prior Owners. No redemption of the Subject Property occurred within the redemption period. The uncontroverted facts further show that Chase successfully purchased the Subject Property at a subsequent sheriff's sale and obtained a Sheriff's Deed, which was duly recorded. Finally, the uncontroverted facts show that Chase deeded its interest to HUD on March 15, 2017, and that HUD deeded its interest in the Subject Property back to Chase on April 2, 2018, with the deed recorded on April 12, 2018.

Chase has thus shown that it holds valid right, title, and interest to the Subject Property, and that Plaintiff holds no valid interest in the same.

Both parties in this case seek a declaration quieting title to the Subject Property. Under Kansas law, which governs in this diversity action, any party claiming title or an interest in real property may bring an action against any person who claims an interest therein adverse to him, for the purpose of determining such adverse claim. K.S.A. § 60-1002(a). Additionally, 28 U.S.C. § 2201 provides that in a case of actual controversy within its jurisdiction, a federal district court may declare the rights of any interested party seeking such a declaration. The question of whether a declaratory judgment should be issued rests in the discretion of the trial court. *See St. Paul Fire & Marine Ins. Co.*, 53 F.3d 1167, 1169 (10th Cir. 1995) (discussing factors relevant to exercise of discretion). The court determines that under the uncontroverted facts, a declaratory judgment should be issued in this case, as it will settle the parties' controversy and clarify their rights, it is

not being used for improper procedural "fencing," it does not improperly encroach on state jurisdiction, and there is no more effective alternate remedy.

**III. Conclusion**

Defendant's Motion for Summary Judgment (Doc. 22) is GRANTED. The court determines that JP Morgan Chase Bank, N.A., is the current record holder of the residential property bearing a legal description of Lot 9, Block B, Deerfield Estates 2nd Addition, Valley Center, Sedgwick County, Kansas, commonly known as 620 West 5th Street, Valley Center, Kansas, 67147 ("the Subject Property"). The court further finds that Gary Michael Peloza has no valid, effective interest in the Subject Property.

IT IS SO ORDERED this 28th day of August, 2018.

s/John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE